**JEFFREY R. SECKEL**
Texas Bar Number 17973200
**MARC W. TAUBENFELD**
Texas Bar I.D. 19679800
**JONATHAN S. PETREE**
Texas Bar I.D. 24116897
**MCGUIRE CRADDOCK STROTHER PC**
500 N. Akard Street, Suite 2200
Dallas, Texas 75201
T: (214) 954-6816
F: (214) 954-6868
JSeckel@mcslaw.com
**SPECIAL COUNSEL FOR**
**THE CHAPTER 7 TRUSTEE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CHAPTER 7 |
| JUPITERMLP, LLC, | § § | |
| *Debtor.* | § § | CASE NO. 19-32800-SGJ-7 |
| | § | |
| DANIEL J. SHERMAN, CHAPTER 7 TRUSTEE, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | ADV. NO. _____ |
| | § | |
| RPS GROUP, INC., | § § | |
| *Defendant.* | § | |

**COMPLAINT**

TO THE HONORABLE JUDGE COURT:

COMES NOW, Daniel J. Sherman, the chapter 7 Trustee for JupiterMLP, LLC

("Trustee"), by and through special counsel of record, complaining of RPS Group, Inc., and

would for such would respectfully show the Court as follows.

**COMPLAINT [RPS GROUP, INC.]**                                                                                         PAGE 1
5606994v.1 2238/0001

## I.
## JURISDICTION VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

2. Venue is proper in this Court under 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

## II.
## PARTIES

3. Plaintiff, Daniel J. Sherman, is the duly appointed Chapter 7 Trustee in the case of *In Re: JupiterMLP, LLC,* in the United States Bankruptcy Court, Northern District of Texas, Dallas Division; Case No. 19-32800-sgj-7.

4. Defendant RPS Group, Inc. is a Domestic For-Profit corporation with its principal place of business in Houston, TX, and may be served in accordance with FEDERAL RULE OF BANKRUPTCY PROCEDURE 7004(b) by mailing, via first class postage pre-paid regular mail, a copy of the Summons and Complaint to Capital Corporate Services, Inc., 206 E. 9th St., Ste. 1300, Austin, TX 78701-4411.

## III.
## PRELIMINARY STATEMENT

5. An involuntary petition was filed against the Debtor in the United States Bankruptcy Court for the Northern District of Texas under Chapter 7, Title 11 of the U.S. Code ("*Bankruptcy Code*") on August 30, 2019. The involuntary petition was initially opposed by the Debtor, but the Debtor later consented to same, and an Agreed Order for Relief was entered by the Court on January 29, 2020 (the "*Chapter 7 Case*"). Daniel J. Sherman was appointed and is acting as Chapter 7 Trustee for the Debtor's bankruptcy estate.

6. The Trustee sues Defendant to avoid and recover the preferential transfers of an interest in property under 11 U.S.C. §§547 and 550, fraudulent transfers of an interest in property under 11 U.S.C. §§544, 548 and 550, and, to the extent applicable, to avoid and recover post-petition transfers of an interest in property under 11 U.S.C. §§549 and 550, and to disallow any proofs of claim filed by Defendant in this case pursuant to 11 U.S.C. §502.

## IV.
## FACTUAL BACKGROUND

7. On January 29, 2020, this Court entered the Agreed Order for Relief. (Dkt. 50). Accordingly, the Trustee has until January 29, 2022 to bring avoidance claims. From the outset, the Debtor has resisted producing books and records relating to its business activities. In particular, and without limitation, the Debtor failed to turn over to the Trustee the Debtor's computer servers, and or email servers. The records which Trustee has received, although spotty and incomplete, indicate that the Debtor's principals or managers used the Debtor as a means for paying the bills, expenses, and obligations of third-party entities that were presumably controlled by the Debtor's principals and/or management.

8. In connection with the records that the Trustee has received, the Trustee has been able to identify substantial Transfers made to the Defendant. While the Trustee has identified Transfers to the Defendant, the Trustee has been unable to locate any documentation which substantiates either that the transfers represent a payment made in the ordinary course of business or that the Debtor received reasonably equivalent value for the Transfers to the Defendant.

9. Although the Trustee's investigation is ongoing, the Trustee has identified the Transfers identified on Exhibit "A" (attached hereto) as having been made to the Defendant. Despite the specificity of Exhibit "A", the Trustee hereby gives notice to the Defendant that it is the Trustee's intent to avoid all transfers which occurred between the Debtor and the Defendant

during the applicable look-back period which are not barred by the applicable statute of limitations.

## V.
## CLAIMS FOR RELIEF

**COUNT I – FRAUDULENT TRANSFER (11 U.S.C. §§ 544(B) AND 550 AND TUFTA § 24.001 *et seq*.)**
**(Constructive Fraud)**

10. The Trustee realleges the allegations contained in paragraphs 1-9, which are incorporated by reference as if set forth fully herein.

11. Pursuant to 11 U.S.C. § 544, the Trustee brings this claim under the Texas Uniform Fraudulent Transfer Act, §§ 24.001 *et seq.* ("TUFTA") to recover all transfers to the Defendant which occurred within the limitations period.

12. JupiterMLP, LLC ("Jupiter") has one of more creditors for whom the Trustee can act whose claim arose before or within a reasonable time after the obligation was incurred. TUFTA § 24.006(a).

13. Jupiter made the Transfers to the Defendant within four (4) years of the Petition Date.

14. Jupiter did not receive reasonably equivalent value in exchange for the Transfers because the consideration purportedly provided in exchange was either non-existent or not reasonably equivalent.

15. At the time the Transfers was made, the Debtor (a) was engaged in a business or a transaction, or was about to engage in a business or transaction, for which the assets remaining with the Debtors were unreasonably small in relation to the business or transaction and/or (b) intended to incur, or believed that they would incur, debts that would be beyond their ability to

pay as such debts matured and/or (c) were insolvent or became insolvent as a result of the Transfers.

16. Pursuant to 11 U.S.C. § 550(a), the Transfers are recoverable against the Defendant as well as any mediate or immediate transferees.

**COUNT II – FRAUDULENT TRANSFER (11 U.S.C. §§ 548(a)(1)(B) AND 550)**
**(Constructive Fraud)**

17. The Trustee realleges the allegations contained in paragraphs 9, which are incorporated by reference as if set forth fully herein.

18. Jupiter made the Transfers on or within two years of the Petition Date.

19. Jupiter received less than a reasonably equivalent value in exchange for the Transfers. At the time the transfers were made, Jupiter was insolvent or became insolvent as a result of the Transfers.

20. At the time the Transfers were made, the Debtor (a) was engaged in a business or a transaction, or was about to engage in a business or transaction, for which the assets remaining with the Debtor were unreasonably small in relation to the business or transaction and/or (b) intended to incur or believed that it would incur, debts that would be beyond its to pay as such debts matured.

21. The Transfers constitute fraudulent transfers avoidable by the Trustee pursuant to sections 548(a)(1)(B) of the Bankruptcy Code and are recoverable from the Defendant pursuant to section 550(a).

22. As a result of the foregoing, the Trustee is entitled to a judgment pursuant to sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code (a) avoiding and preserving each transfer to the Defendant on or within two years prior to the Petition Date, (b) directing that those

transfers be set aside, and (c) recovering those transfers, or the value thereof, from the Defendant, and any mediate and immediate transferees.

23. Pursuant to 11 U.S.C. § 550(a), the Transfers are recoverable against the initial transferee of the transfer as well as the mediate and immediate transferees of such transfers.

**COUNT III – PREFERENTIAL TRANSFER (11 U.S.C. §§ 544 AND 550 AND TUFTA § 24.006(b))**

24. The Trustee realleges the allegations contained in paragraphs 9, which are incorporated by reference as if set forth fully herein. This count only applies to those Transfers that are within the preference period if any.

25. The Transfers were to or for the benefit of the Defendant.

26. The Transfers were made for an antecedent debt or debts owed by Jupiter to the Defendant.

27. The Transfers was made while Jupiter was insolvent.

28. The Transfers was made within the preference period.

29. The Defendant had reasonable cause to believe that the Debtors, including SCC, were insolvent.

30. Based upon the foregoing, the Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 544 and TUFTA § 24.006(b), and in accordance with 11 U.S.C. § 550, the Trustee may recover from the Defendant the amount of the Transfer, plus interest.

**COUNT IV – PREFERENTIAL TRANSFER (11 U.S.C. §§ 547 AND 550)**

31. The Trustee realleges the allegations contained in paragraphs 1-10, which are incorporated by reference as if set forth fully herein.

32. After reasonable due diligence given the circumstances of this case and after taking into account the Defendant's known or reasonably knowable affirmative defenses under

U.S.C. § 547(c), the Transfer constitutes avoidable preferential transfers pursuant to 11 U.S.C. § 547.

33. The Transfers were to or for the benefit of the Defendant.

34. The Transfers were made for or on account of an antecedent debt or debts owed by Debtor to the Defendant before the Transfers were made.

35. The Transfers were made while Jupiter was insolvent.

36. The Transfers were made within the one-year preference period.

37. The Transfers enabled the Defendant to receive more than it would have received if: (a) this case were a case under chapter 7 of the Bankruptcy Code; (b) if the Transfers had not been made; and (c) if the Defendant received payment on the subject antecedent debt(s) in accordance with applicable provisions of the Bankruptcy Code as, without limitation, Jupiter's general unsecured creditors would not be paid in full.

38. Based upon the foregoing, the Transfers constitutes avoidable preferential Transfers pursuant to 11 U.S.C. § 547 and, in accordance with 11 U.S.C. § 550, the Trustee may recover from the Defendant the amount of the Transfers, plus interest.

## VI.
## PRAYER FOR RELIEF

FOR THESE REASONS, the Plaintiff is entitled to a judgment against the Defendant as follows:

A. Avoiding the Transfers;

B. Awarding the Plaintiff a judgment against the Defendant for the value of the Transfers;

C. Awarding attorneys' fees and expenses pursuant to TUFTA § 24.013; and

D. for such other and further relief as the Court deems just and equitable.

Dated: January 28, 2022

/s/ *Jeffrey R. Seckel    (2022-01-28)*
Jeffrey R. Seckel
Texas Bar I.D. 17973200
Marc W. Taubenfeld
Texas Bar I.D. 19679800
Jonathan S. Petree
Texas Bar I.D. 24116897
**MCGUIRE CRADDOCK & STROTHER, P.C.**
500 N. Akard Street, Suite 2200
Dallas, TX 75201
mchevallier@mcslaw.com
jseckel@mcslaw.com
mtaubenfeld@mcslaw.com
jpetree@mcslaw.com

**SPECIAL COUNSEL FOR DANIEL J. SHERMAN, CHAPTER 7 TRUSTEE**

| RPS GROUP, INC. | |
|---|---|
| Wires | |
| **Date** | **Amount** |
| 11/01/2017 | $28,395.66 |
| 112/08/2017 | $57,633.62 |
| 01/09/2018 | $64,298.96 |
| 03/06/2018 | $28,525.00 |
| 03/20/2018 | $13,857.50 |
| 05/01/201/ | $56,891.25 |
| 05/03/2018 | $23,577.50 |
| 08/07/2018 | $32,877.50 |
| 11/20/2018 | $43,663.75 |
| 12/26/2018 | $44,413.46 |
| 05/16/2019 | $31,910.00 |
| Checks | |
| **Aggregate Check Total by Month** | **Amount** |
| 09/2019 | $3,501.24 |
| 10/2019 | $19,131.68 |